1  McGREGOR W. SCOTT
   United States Attorney
2  ROSANNE L. RUST
   CHRISTOPHER S. HALES
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:   (916) 554-2900

6

   Attorneys for Plaintiff
7  United States of America

8

9                  IN THE UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

   UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-193 TLN
12
                          Plaintiff,      STIPULATION REGARDING USE OF
13                                        VIDEOCONFERENCING DURING SENTENCING
                  v.                      HEARING; FINDINGS AND ORDER
14
   NICHOLAS VUKSINICH,                    DATE: October 15, 2020
15                                        TIME: 9:30 a.m.
                          Defendant.      COURT: Hon. Troy L. Nunley
16

17

18                            **BACKGROUND**

19        On January 9, 2020, defendant pleaded guilty to a one-count information charging him with

20  Production of Child Pornography in violation of 18 U.S.C. § 2251(a).  ECF 1, 9.  Sentencing in this

21  matter is set for October 15, 2020 at 9:30 a.m.  As set forth below, the parties jointly stipulate and agree

22  to proceed with sentencing via videoconference in light of the ongoing COVID-19 pandemic.

23        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

24  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

25  District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1)

26  such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;"

27  and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

28  case cannot be further delayed without serious harm to the interests of justice."  *Id.*, Pub. L. 116-23

   STIPULATION REGARDING HEARING              1

1  § 15002(b)(2).

2  On March 29, 2020, the Judicial Conference of the United States made the findings required by

3  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

4  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

5  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

6  functioning of the federal courts generally."

7  On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings

8  required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure

9  and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted

10  in person without seriously jeopardizing public health and safety."  On September 30, 2020, the Chief

11  Judge of this District, per General Order 624, reiterated these findings and the directives of General

12  Order 620 for an additional 90 days.  Accordingly, the findings of the Judicial Conference and General

13  Orders 620 and 624 establish that plea and sentencing hearings cannot take safely take place in person.

14  In order to authorize sentencing hearings by remote means, however, the CARES Act—as

15  implemented by General Order 624—also requires district courts in individual cases to "find, for

16  specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

17  serious harm to the interests of justice."  General Order 624 further requires that the defendant consent

18  to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

19  "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

20  teleconference.

21  The parties hereby stipulate and agree that each of the requirements of the CARES Act and

22  General Order 624 have been satisfied in this case.  They request that the Court enter an order making

23  the specific findings required by the CARES Act and General Order 624.  Specifically, for the reasons

24  further set forth below, the parties agree that:

25  1)       The sentencing hearing in this case cannot be further delayed without serious harm to the

26  interest of justice, given the public health restrictions on physical contact and court closures existing in

27  the Eastern District of California, the fact that the defendant pleaded guilty in January and wishes to

28  proceed to sentencing at this time, and the additional backlog of cases that is likely to increase in this

STIPULATION REGARDING HEARING                          2

1  district if criminal matters do not proceed by videoconference when the defendant consents and a

2  resolution has been reached between the parties; and

3       2)     The defendant waives his physical presence at the hearing and consents to remote hearing

4  by videoconference and counsel joins in that waiver.

5  **STIPULATION**

6       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7  through defendant's counsel of record, hereby stipulate as follows:

8       1.     The Governor of the State of California declared a Proclamation of a State of Emergency

9  to exist in California on March 4, 2020.

10       2.     On March 13, 2020, the President of the United States issued a proclamation declaring a

11  National Emergency in response to the COVID-19 pandemic.

12       3.     In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

13  other public health authorities have suggested the public avoid social gatherings in groups of more than

14  10 people and practice physical distancing (within about six feet) between individuals to potentially

15  slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

16  and no vaccine currently exists.

17       4.     These social distancing guidelines – which are essential to combatting the virus – are

18  generally not compatible with holding in-person court hearings.

19       5.     On March 17, 2020, this Court issued General Order 611, noting the President and

20  Governor of California's emergency declarations and CDC guidance, and indicating that public health

21  authorities within the Eastern District had taken measures to limit the size of gatherings and practice

22  social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

23  commence before May 1, 2020.

24       6.     On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses

25  in the Eastern District of California to the public.  It further authorized assigned district court judges to

26  continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

27  Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

28  pandemic.

STIPULATION REGARDING HEARING

3

7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9.      On May 13, 2020, General Order 618 issued, continuing court closures until further notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10.      Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11.      The sentencing hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12.      Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

IT IS SO STIPULATED.

STIPULATION REGARDING HEARING                           4

Dated:  October 7, 2020
McGREGOR W. SCOTT
United States Attorney

/s/ CHRISTOPHER S. HALES
CHRISTOPHER S. HALES
Assistant United States Attorney

Dated:  October 7, 2020
/s/ ERIC YOUNGQUIST
ERIC YOUNGQUIST
Counsel for Defendant
NICHOLAS VUKSINICH

## FINDINGS AND ORDER

1.    The Court adopts the findings above.

2.    Further, the Court specifically finds that:

a)    The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; and

b)    The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.    Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 624, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 8th day of October, 2020.

_____
Troy L. Nunley
United States District Judge

STIPULATION REGARDING HEARING

5